# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 26, 2008

Charles R. Fulbruge III
Clerk

No. 06-51618
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

COSME GONZALEZ-RODRIGUEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:06-CR-417-1

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Cosme Gonzalez-Rodriguez (Gonzalez) pleaded guilty to both counts of an indictment that charged him with conspiracy to possess with intent to distribute 50 kilograms or more of marijuana and with possession with intent to distribute 50 kilograms or more of marijuana. The district court sentenced Gonzalez to 30 months of imprisonment and a three-year term of supervised release.[1]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] In its order issued in response to this court's remand for a report from the magistrate judge and review by the district court, the district court accepts the

In his sole issue on appeal, Gonzalez argues that the factual basis orally recited at his rearraignment hearing was insufficient to support his guilty plea. Gonzalez does not contend that the factual basis was insufficient to support a conviction under 21 U.S.C. § 841(a)(1). Instead, he argues only that there was no allegation of drug quantity in the recited factual basis that would support a plea to an offense involving 50 kilograms or more of marijuana pursuant to 21 U.S.C. § 841(b)(1)(C).

Because Gonzalez raises this issue for the first time on appeal, it is reviewed for plain error. See United States v. Palmer, 456 F.3d 484, 489 (5th Cir. 2006). To prevail on plain-error review, Gonzalez must show that an error occurred, that the error was plain, which means clear or obvious, and that the error affected his substantial rights. See United States v. Olano, 507 U.S. 725, 732-35 (1993). The indictment in this case, which was read aloud and to which Gonzalez pleaded guilty, alleged the drug quantity at issue and was sufficient to serve as the factual basis supporting Gonzalez's pleas. See United States v. Hildenbrand, 527 F.3d 466, 475 (5th Cir. 2008). Accordingly, he has not shown plain error. See Olano, 507 U.S. at 732-35.

The judgment of the district court is AFFIRMED.

---

magistrate judge's recommendation to accept the appellant's guilty plea, but the order only specifically mentions the first count of the indictment. It is clear from the record that the district judge misspoke and that the magistrate's report was accepted in its entirety.